IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**CATHY A. MILLER,**                                          06-CV-789-SU

        **Plaintiff,**                                     ORDER

v.

**HARNEY COUNTY SCHOOL DISTRICT**
**NO. 4, HARNEY COUNTY UNION**
**HIGH SCHOOL DISTRICT NO. 1J,**
**and TIM ADSIT,**

        **Defendants.**


**BARBARA J. DIAMOND**
Smith, Diamond & Olney
1500 N.E. Irving, Suite 370
Portland, OR 97232-4207
(503)229-0400

        Attorneys for Plaintiffs


1 - ORDER

**BARRETT C. MERSEREAU**
**PETER R. MERSEREAU**
**KAREN M. VICKERS**
**Mersereau & Shannon, LLP**
1600 Umpqua Bank Plaza
One S.W. Columbia Street
Portland, OR 97258
(503) 226-6400

      Attorneys for Defendants

**BROWN, Judge.**

  Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#70) on April 15, 2008, in which she recommended the Court grant Defendants' Motion for Summary Judgment (#50) as to Plaintiff's claims against Defendant Tim Adsit for Breach of the Implied Covenant of Good Faith and Fair Dealing and for violation of Plaintiff's First Amendment rights pursuant to 42 U.S.C. § 1983. The Magistrate Judge also recommended the Court deny the Motion as to Plaintiff's claims against Defendants Harney County School District No. 4 and Harney County Union High School District No. 1J (School Districts). Defendants timely filed objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-*

2 - ORDER

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United *States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Defendants object to the Findings and Recommendation on the grounds, *inter alia*, that the Magistrate Judge (1) made incomplete factual findings that are relevant to Plaintiff's First Amendment claim pursuant to § 1983 and to Plaintiff's claim for Breach of the Implied Covenant of Good Faith and Fair Dealing and (2) improperly denied Defendants' Motion for Summary Judgment on Plaintiff's claim against the School Districts for Breach of the Implied Covenant of Good Faith and Fair Dealing as to the agreement between the parties in which Plaintiff was guaranteed the right to be notified of, to apply for, and to be considered for "any vacant custodial position" arising during 2003-08.

Defendants object specifically to the Magistrate Judge's finding that Daenell Douglas, an applicant for a vacant custodial position, "had no prior experience working as a school custodian." Defendants contend the Magistrate Judge should have included the fact that Douglas had 14 years of experience teaching custodial services at a juvenile corrections center because it is relevant to Plaintiff's § 1983 claim that Defendants violated Plaintiff's First Amendment rights by not hiring her in retaliation for comments that she made criticizing Defendants and that Defendants' reasons for hiring Douglas instead of Plaintiff were pretextual.

3 - ORDER

The Magistrate Judge found Plaintiff offered circumstantial evidence from which jurors could infer pretext, and, therefore, genuine issues of material fact exist as to whether Plaintiff was more qualified than other applicants.  For example, Plaintiff's evidence shows she performed the job that the School Districts were seeking to fill and Douglas had never worked as a school custodian.  In addition, jurors could infer from this record that Douglas was treated preferentially in the hiring process; the interview questions developed by the School Districts' superintendent, Jeff Walker, unfairly focused on workplace conflicts rather than the applicants' qualifications; the School Districts' decision not to hire Plaintiff was influenced by the fact that Plaintiff had criticized the School Districts; and the School Districts' reasons for hiring Douglas were generally suspect.  The Court, therefore, concludes even if the Magistrate Judge had included Douglas's additional work history as a factor in her decision, there is other circumstantial evidence of pretext in this record sufficient to establish that a genuine issue of material fact exists as to whether the School Districts' reasons for not hiring Plaintiff were pretextual.

Defendants also object to the Magistrate Judge's finding that "Applicant Douglas testified that during her job interview, a list of the interview questions was 'laid . . . down in front of her.'"  At issue is whether Defendants fulfilled their

4 - ORDER

contractual obligation to allow Plaintiff to compete for an open custodial position with the School Districts or whether Defendants breached the implied covenant of good faith and fair dealing.  The Magistrate Judge found Douglas received a copy of the interview questions in advance, and Plaintiff did not; the hiring panel reviewed Douglas's application, but it did not review Plaintiff's application; and the School Districts' Superintendent Walker polished and rephrased several of Douglas's interview answers, but he did not provide similar assistance to Plaintiff.  The Magistrate Judge concluded these facts are sufficient to establish that a genuine issue of material fact exists as to whether Defendants did not act in good faith. Defendants, however, contend the Magistrate Judge should have set out a more complete account of Douglas's testimony to include her statement that even though the School Districts' hiring panel gave her a copy of the interview questions at the beginning of the interview, she was not reading them as the interviewers posed questions to her.  In any event, Defendants' proposed factual addition is not material to whether Defendants did not act in good faith by favoring Douglas and is not sufficient to alter the Magistrate Judge's conclusion in light of the additional evidence in the record cited by the Magistrate Judge to support her conclusion.

    Defendants also object to the Magistrate Judge's denial of

5 - ORDER

Defendants' Motion for Summary Judgment as to Plaintiff's claim for Breach of the Implied Covenant of Good Faith and Fair Dealing on the ground that Plaintiff's contractual expectations that the School Districts would have a custodial vacancy in due course and that her application would be fairly considered are not objectively reasonable.  As noted, Defendants entered into an agreement with Plaintiff guaranteeing her the right to be notified of, to apply for, and to be considered for "any vacant custodial position" arising during 2003-08.  Plaintiff alleged Defendants' actions, including their attempts to privatize the School Districts' custodial services, the abortion of the hiring process for a 2005 custodial vacancy after Plaintiff applied for the position, and the use of temporary positions in lieu of a full-time position, were sufficient to show a genuine issue of material fact exists as to whether the School Districts did not act in good faith.  The Magistrate Judge found Plaintiff had an objectively reasonable expectation that the School Districts would not intentionally avoid creating custodial vacancies and would treat her fairly in the application process.

Defendants, however, maintain the implied covenant of good faith and fair dealing only controls the performance of duties expressly included in the agreement and cannot create new obligations absent from the agreement.  *See Gibson v. Douglas County*, 197 Or. App. 204, 216-18 (2005).  *See also Zygar v.*

6 - ORDER

*Johnson*, 169 Or. App. 638, 646 (2000).  Thus, Defendants contend the settlement agreement with Plaintiff cannot "constrain the [School Districts'] ability" to privatize custodial services, to create temporary custodial positions, to make financial decisions as to whether to hire custodians at all, or to conduct interviews as they deem appropriate.

In *Gibson* and *Zygar*, the Oregon Court of Appeals held the duty of good faith in the performance of a contract cannot contradict an express term of the contract nor prevent that which is expressly permitted.  *Gibson* 197 Or. App. at 217-18; *Zygar*, Or. App. at 646.  Here none of the contract provisions expressly prohibit or permit any of the actions that Defendants contend they may lawfully take.  The Magistrate Judge, however, noted Plaintiff does not contend the implied covenant necessarily prevents the School Districts from taking any of these actions, but merely asserts the implied covenant requires the School Districts to perform their contractual obligations in good faith. The Court agrees with the Magistrate Judge that Plaintiff has adequately shown a genuine issue of material fact exists as to whether the School Districts acted unfairly and not in good faith in the performance of their obligations to Plaintiff under the agreement and whether they met Plaintiff's objectively reasonable expectations pursuant to the settlement agreement.

This Court has carefully considered Defendants' remaining

7 - ORDER

Objections and concludes they do not provide a basis to modify the Magistrate Judge's Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation (#70) and, accordingly, **GRANTS** Defendants' Motion for Summary Judgment (#50) as to Plaintiff's claims against Defendant Tim Adsit and **DENIES** Defendants' Motion as to Plaintiff's claims against Defendants Harney County School Districts No. 4 and Harney County Union High School District No. 1J.

IT IS SO ORDERED.

DATED this 16th day of July, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge